IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY MCDANIEL and
VANESSA COWAN,

    Plaintiffs,

v.                                        Case No. _____

FRANCISCO JAVIER MENDEZ LOYA,
d/b/a TRANSLOGISTICA MENLO,
ARMANDO GAYTAN SAUCEDO,
RED ROCK RISK RETENTION GROUP, INC.,
TERRY MCDANIEL,

    Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

    Defendant Red Rock Risk Retention Group, Inc. ("Red Rock") hereby removes this lawsuit to the United States District Court for the District of New Mexico, and as grounds therefore states as follows:

**I.**    **Background and Procedural Prerequisites for Removal.**

    1. Plaintiffs Terry McDaniel and Vanessa Cowan (together "Plaintiffs") commenced this action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Civil Action No. D-202-CV-2013-08946, by the filing of a "Complaint for Declaratory Judgment and Damages" on November 8, 2013 ("Complaint"). Copies of all pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a).

    2. Red Rock was served with a copy of the Complaint via certified mail on April 28, 2014. (*See* Return of Service, Ex. A.) This Notice of Removal is filed in this Court within 30

days of service of the initial pleading in the case on Red Rock and within one year of commencement of this action.  *See* 28 U.S.C. §§ 1446(b)(2)(B); (c).

3. Defendant Francisco Javier Mendez Loya, d/b/a Translogistica Menlo ("Loya"), has been served with the Complaint and consents to removal.  According to the State Court's docket, neither Defendant Armando Gaytan Saucedo ("Saucedo") nor Defendant Terry McDaniel ("McDaniel") have been served as of the filing of the Removal, as evidenced by the absence of any Return of Service filings required by Rule 1-004(L) NMRA.  (*See* Docket Sheet, Ex. A.)  All defendants who have been properly joined and served in the State Court Action consent to removal to federal court, and separately will file their written consents with this Court.[1]

4. The state court in which this action was commenced is within this Court's district.  Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

## II.   This Court Has Diversity Jurisdiction Over This Action.

5. This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  There is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.   The Proper Parties to this Action are Citizens of Different States.

6. According to Plaintiffs' Complaint, Plaintiffs are both residents of New Mexico.  (*See* Compl. at ¶¶ 1-2, Ex. A.)  Plaintiffs are therefore citizens of New Mexico.  *Crowley v. Glaze*,

---

[1] The consent of Saucedo and McDaniel has not been sought, nor is it required under 28 U.S.C. § 1446(b)(2)(A) because, as of the filing of this Notice of Removal, neither Saucedo nor McDaniel appears to have been "properly joined and served," as evidenced by the absence of any Return of Service filings required by Rule 1-004(L) NMRA. (*See* Docket Sheet, Ex. A.)  Similarly, no entry of appearance or responsive pleading of any sort appears in the docket of the State Court. (*See id.*)  Even if McDaniel had been served, his consent is not required because he is not properly joined and served given the fraudulent joinder described below.

2

710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile.")

7. Red Rock is not a citizen of New Mexico. (*See* Compl. at ¶ 7, Ex. A.)

8. According to Plaintiffs' Complaint, Loya is a citizen of Mexico with a United States mailing address in Texas. (*See id.* at ¶¶ 3, 5.)

9. According to Plaintiffs' Complaint, Saucedo is a citizen of Mexico. (*See id*. at ¶ 6.)

10. According to Plaintiffs' Complaint, McDaniel is a citizen of New Mexico. (*See id*. at ¶ 7.)

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Removal of this action is proper pursuant to 28 U.S.C. § 1441(a), absent Plaintiffs' fraudulent joinder of McDaniel. This is a civil action between citizens of different states (absent Plaintiffs' fraudulent joinder of McDaniel). For purposes of federal diversity jurisdiction, the parties have the citizenships set forth above in Paragraphs 6-10. Plaintiffs, therefore, have alleged information in their Complaint that would indicate there is no diversity of citizenship because Plaintiffs and McDaniel are citizens of the State of New Mexico. Absent McDaniel, complete diversity would exist in this action under Plaintiffs' allegations. However, McDaniel is not a proper defendant to this action because he is a fraudulently joined defendant in light of the absence of any claims being asserted against him in Plaintiffs' Complaint, as set forth in Paragraphs 12-14 below in more detail.

12. This case is removable, absent Plaintiffs' fraudulent joinder of McDaniel, because it is an action between "citizens of different States." 28 U.S.C. § 1332(a)(1). Moreover, "none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Plaintiffs are citizens of New

Mexico, and no defendant is a citizen of New Mexico aside from McDaniel, who is not a party "properly joined." Plaintiffs' joinder of McDaniel is an improper attempt to defeat diversity jurisdiction, as there is no liability claim set forth against McDaniel anywhere in Plaintiffs' Complaint. (*See* Compl., Ex. A.); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir. 1964) ("the joinder of a resident defendant against whom no cause of action is stated is patent sham"); *Roe v. General American Life Ins. Co.*, 712 F.2d 450 (10th Cir. 1983) ("the joinder of a resident defendant against whom no cause of action is pled ... will not defeat removal"). As a consequence, the citizenship of McDaniel should be disregarded by this Court in determining the existence of diversity jurisdiction over this action.

13. Not only is there no cause of action against McDaniel on the face of the Complaint, Plaintiffs have already admitted that no cause of action can ever exist and has disclaimed any liability on the part of McDaniel. McDaniel, as both a Plaintiff and a Defendant, has no cause of action against himself, and Plaintiff Cowan explicitly acknowledges that she "alleges no specific claims against Defendant McDaniel, because Plaintiff Cowan does not believe Defendant McDaniel was negligent." (Compl. at ¶ 23, Ex. A.) Furthermore, Plaintiffs are both represented by the same attorney, Bruce E. Thompson, and Mr. Thompson could not maintain a cause of action against one of his clients on behalf of another. *See* Rule 16-107 NMRA.

14. Furthermore, there is no legal basis for any claim by Plaintiff Cowan against McDaniel. Plaintiff Cowan was the passenger in the vehicle her co-worker McDaniel was driving and, as such, she is precluded from bringing a claim for personal injury against her co-worker under the Workmen's Compensation Act. *See Matkins v. Zero Refrigerated Lines, Inc.*, 1970-NMCA-095, ¶¶ 26-28, 93 N.M. 511, 517, 602 P.2d 195 ("Under our Workmen's

Compensation Act, an employee of an employer who has complied with the requirements of the Act is not subject to liability under the common law for the injury or death of a co-employee.").

**B.      The Amount In Controversy Exceeds $75,000**

15.  The amount in controversy for removal jurisdiction normally is determined by reference to allegations in the plaintiff's complaint.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Where a state rule of procedure provides that the amount of damages may not be included in the complaint, *see* Rule 1-008(A)(3) NMRA, then "the notice of removal may assert the amount in controversy."  28 U.S.C. §§ 1446(c)(2)(a).  In that instance, the Court must examine the facts existing at the time of removal and determine whether those "establish the jurisdictional amount by a preponderance of the evidence."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  The Court may look to the substance and nature of the damages described in the pleadings.  *McPhail v. Deere*, 529 F.3d 947, 955-56 (10th Cir. 2008).

16.  Here, Plaintiffs' allegations demonstrate that they are clearly seeking more than the required $75,000 jurisdictional amount.  Plaintiffs seek compensatory damages for personal injuries.  (*See* Compl. at ¶¶ 29, 40-41, Ex. A.)  This lawsuit arises out of a collision between two semi-tractor trailers, and Plaintiffs claim that they suffered "serious bodily injury in the wreck." (*See id.* at ¶¶ 11, 20-21, Ex. A.)  Plaintiff Cowan was transported from the scene of the accident "by ambulance" after "complaining of severe neck, back, and chest pain."  (*See id.* at Ex. 1, Ex. A.)  Plaintiff McDaniel was "transported by life flight to UNMH for back and leg injuries" and "was unable to provide a statement due to the severity of his injuries." (*Id.*)  Plaintiffs seek damages "up to the limits of liability under the Red Rock policy" which has "$1,000,000 in liability limits."  (*Id.* at ¶¶ 17, 40-41.)

17.  Plaintiff also seeks punitive damages against Red Rock.  (*See id.* at ¶¶ 40-41.)  Any such award puts the amount in controversy at well over $75,000.

18.  Red Rock denies Plaintiffs' contentions and all liability, and specifically denies that Plaintiffs are entitled to any damages whatsoever.

19.  Accordingly, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Because this case is also between citizens of different states, it is within the original jurisdiction of the United States District Court.  *See* 28 U.S.C. §§ 1332, 1441.

20.  Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this notice, Red Rock will give written notice of the filing thereof to Plaintiffs and will file a copy of the notice with the Clerk of the Second Judicial District Court in Bernalillo, New Mexico, from which this action was removed.

WHEREFORE, Red Rock respectfully removes this action from state court into this Court for trial and determination.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Seth Sparks*
    Seth Sparks
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
*Attorneys for Defendant Red Rock Risk Retention Group, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2014, I filed the foregoing pleading electronically through the Court's CM/ECF system and served all parties or counsel of record via electronic mail, as follows:

Bruce Thompson
Martinez, Hart & Thompson, P.C.
1801 Rio Grande Blvd NW
Albuquerque, NM 87104
brucet@osolawfirm.com
*Attorneys for Plaintiffs*

Colbert N. Coldwell
Guevara, Baumann, Coldwell & Reedman, LLP
4171 N. Mesa, Suite B-201
El Paso, TX 79902
gbcr_law@att.net
*Attorneys for Defendant Francisco Javier Mendez Loya, d/b/a Translogistica Menlo*

                                    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                                    By  */s/ Seth Sparks*
                                            Seth Sparks