# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TERRY MCDANIEL and VANESSA
COWAN,

        Plaintiffs,

vs.                                        No. CIV 14-0511 JB/SCY

FRANCISCO JAVIER MENDEZ LOYA d/b/a
TRANSLOGISTICA MENLO, ARMANDO
GAYTAN SAUCEDO, RED ROCK RISK
RETENTION GROUP, INC., and TERRY
MCDANIEL,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Motion to Amend Complaint, filed December 10, 2014 (Doc. 29)("Motion"). The Court held a hearing on December 30, 2014. The primary issue is whether the Court should grant Plaintiff Vanessa Cowan leave to amend the Complaint for Declaratory Judgment and Damages, filed in state court November 8, 2013, filed in federal court May 28, 2014 (Doc. 1-1)("Complaint"), to add a claim by Cowan against Plaintiff Terry McDaniel. Because rule 15(a)(1)(2) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave" to a party to "amend its pleading . . . when justice so requires," the Court will grant the Motion and grant Cowan leave to file her First Amended Complaint for Declaratory Judgment and Damages, filed December 10, 2014 (Doc. 30-1)("FAC"). If Cowan now files the FAC, however, it will eliminate all claims that McDaniel currently alleges and convert him from being a Plaintiff to being a Defendant. <u>Compare</u> Complaint ¶¶ 1, at 1; <u>id.</u> ¶ 11, at 2; <u>id.</u> ¶ 20, at 3; <u>id.</u> ¶ 40, at 5 (referring to "Plaintiff McDaniel"), <u>and id.</u> ¶ 22, at 3; <u>id.</u> ¶¶ 28, 31, 33-37, at 4; <u>id.</u> ¶¶ 38-39, 42, at 5 (referring to

"Plaintiffs" (emphasis added)), with FAC passim (referring to McDaniel only as a Defendant and never as a Plaintiff), and FAC ¶¶ 1, at 1; id. ¶¶ 19-20, 25, at 2; id. ¶¶ 28-31, 34-35, at 4; id. ¶¶ 36-44, at 5; id. ¶¶ 45, 47, at 6 (referring to the singular generic "Plaintiff" or "Plaintiff Cowan").  Filing the FAC will thus defeat diversity, and the Court will remand this case to state court.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint, as it must at the motion-to-dismiss stage. Around midnight on November 9, 2010, McDaniel was driving a tractor trailer in the southbound lane of I-25 in New Mexico.  See Complaint ¶ 11-13, at 2.[1]  Cowan was with McDaniel in the cab of McDaniel's tractor trailer.  Saucedo was also driving a tractor trailer southbound on Interstate 25, and the two tractor trailers collided, causing serious injuries to Cowan and McDaniel.  See Complaint ¶¶ 11-13, at 2; id. ¶¶ 20-21, at 3.  The investigating police officer that examined the collision found McDaniel's "driver inattention" to be the accident's cause, but the Complaint alleges that Saucedo "negligen[tly,] . . . reckless[ly,] . . . intentional[ly], willful[ly], wanton[ly, and] malicious[ly]" caused the wreck.  Complaint ¶¶ 19, 22, at 3.  Saucedo is personally uninsured and operates his tractor trailer as an employee of Defendant Francisco Javier Mendez Loya.  See Complaint ¶ 9, at 2; id. ¶¶ 14-16, at 2-3.  Saucedo is a Mexican national.  See Complaint ¶ 6, at 2.  Defendant Red Rock Risk Retention Group, Inc. ("Red Rock") insured the truck that Saucedo was driving at the time of the accident; the policy limit is $1,000,000.00.  Complaint ¶ 17, at 3.

---

[1]The Complaint's internal pagination is consistently one page number higher than CM/ECF's pagination.  The Court will cite to the Complaint's internal pagination -- the black number at the bottom center of the page -- and not to CM/ECF's pagination -- the blue number at the top right of the page.

## PROCEDURAL BACKGROUND

The Plaintiffs filed their suit in state court, and the Defendants removed on diversity grounds. See Complaint at 1; Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), filed May 28, 2014 (Doc. 1)("Notice of Removal"). In the Complaint, McDaniel and Cowan both jointly allege three claims against all "true" Defendants, i.e., all Defendants other than McDaniel. The three claims are: (i) a "personal injury" claim, which appears to be intended to encompass both negligence and intentional torts -- this claim is brought by the "Plaintiffs" against Saucedo and Loya; (ii) a "declaratory judgment" claim, in which the "Plaintiffs" ask the Court to declare that Saucedo is an uninsured motorist under New Mexico law; and (iii) a claim for uninsured motorist benefits, which the "Plaintiffs" assert against Red Rock. Complaint ¶¶ 28-42, at 4-5. Although the Complaint does not allege any claims against McDaniel in the claims section, the Complaint lists his name as both a Plaintiff and a Defendant in the caption, and contains the following statements at the end of the factual section and before the claims section:

> 23.     Plaintiff Cowan alleges no specific claims against Defendant McDaniel, because Plaintiff Cowan does not believe Defendant McDaniel was negligent.

> 24.     Nevertheless, the investigating police officer attributed fault to Defendant McDaniel in a notation attributing "driver inattention" to Defendant McDaniel.

> 25.     In addition, Defendant Saucedo attributed fault to Defendant McDaniel in his statement to the investigating police officer.

> 26.     Based on the notation and statement described in the police report, Plaintiff Cowan may ultimately have colorable claims for negligence against Defendant McDaniel.

> 27.     Because Plaintiff Cowan may have colorable claims for negligence against Defendant McDaniel, Defendant McDaniel is a properly named defendant in this action.

Complaint ¶¶ 23-27, at 3 (citations omitted).  The Complaint also alleges that McDaniel and Cowan are New Mexico citizens, that Loya and Saucedo are Mexico citizens, and that Red Rock is an "out-of-state insurer."  Complaint ¶¶ 1-2, at 1; id. ¶¶ 6-8, at 2.

The Plaintiffs filed a Motion to Remand to State Court, filed August 15, 2014 (Doc. 20)("Motion to Remand"), along with a supporting memorandum brief, slightly less than three months after removal.  See Memorandum Brief in Support of Plaintiff Cowan's Motion to Remand to State Court, filed August 15, 2014 (Doc. 21)("Remand Memo.").  The Plaintiffs argued for remand on two grounds.  First, they contended that the case lacked diversity, because Saucedo is a New Mexico citizen.  See Remand Memo. at 5-6.  Second, the Plaintiffs argued that, even if Saucedo is not a New Mexico citizen, McDaniel is a New Mexico citizen, and he is both a Plaintiff and a Defendant.  See Remand Memo. at 5.

The Court denied the Motion to Remand.  See MOO at 1-2, 43.  To the Plaintiffs' first contention -- that Saucedo is a New Mexico citizen and the case thus lacks complete diversity -- the Court applied a standard "essentially equivalent to that governing a rule 12(b)(1) motion: look[ing] beyond the pleadings [to] find, by a preponderance of the evidence, the facts that go to establishing or destroying its jurisdiction."  MOO at 36 (citing McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008)).[2]  The Court weighed the evidence and found, by a preponderance of the evidence, that Saucedo is a Mexican national.  See MOO at 36-37.  As for the Plaintiffs' second argument -- that Cowan's claim against McDaniel defeats diversity -- the Court rejected it on two grounds.  First, the Court concluded that the Complaint did not state, at all, a claim by

---

[2]The Court noted that "even if the rule 12(b)(6) standard applied -- i.e., even if the Court were required to accept the Complaint's factual allegations as true -- the Plaintiff[s'] argument" that Saucedo is a New Mexico citizen "would still fail."  MOO at 36 (citing Complaint ¶ 6, at 2 ("Upon information and belief, Defendant Saucedo is a resident of Juarez, Mexico.")).

Cowan against McDaniel.  <u>See</u> MOO at 37-38.  <u>See also</u> Complaint ¶ 23, at 3 ("Plaintiff Cowan alleges no specific claims against Defendant McDaniel . . . .").  Second, the Court concluded that, even if Cowan had asserted a claim against McDaniel, the claim would be a rule 13(g) cross-claim, and would, thus, not enter into the diversity determination.  <u>See</u> MOO at 38-43.

During the briefing period on the Motion to Remand, and perhaps anticipating the Court's ruling that the Complaint failed to allege any claims against McDaniel, the Plaintiffs filed this Motion.  <u>See</u> Motion at 1.  In their Memorandum in Support of Plaintiff Cowan's Motion to Amend Complaint, filed December 10, 2014 (Doc. 30)("Motion Memo."), the Plaintiffs set forth their argument for the Motion.  The Motion Memo. states:

> At the hearing [on the Motion to Remand], the Court ruled that it was inclined to deny [the Motion to Remand], on the basis that any claims against Defendant Terry McDaniel were insufficiently pleaded in the Complaint.  However, the Court stated it would allow Plaintiff to amend her Complaint, and, if amendment were opposed, the Court set a hearing on Plaintiff Cowan's motion to amend.

Motion Memo. at 1.  After outlining the standard of review, the Motion Memo.'s "Discussion" section states:

> Attached as Exhibit 1 is Plaintiff Cowan's "First Amended Complaint for Declaratory Judgment and Damages."  The amended pleading names a separate, distinct cause of action against Defendant McDaniel, a non-diverse defendant. Plaintiff Cowan submits that there is no undue delay, undue prejudice to Red Rock, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  Plaintiff Cowan was off duty at the time of the crash and Swift had no right to control the details of Plaintiffs work.
>
> Plaintiff sought to remand the case to state court based on absence of diversity jurisdiction.  Defendant Red Rock opposed remand, on the grounds that (1) Defendant Saucedo "appears to be a Mexican citizen and there is no evidence that he is a citizen of . . . New Mexico"; and (2) Defendant McDaniel was fraudulently, or improperly, joined.
>
> The uniform crash report pertaining to this incident contains a narrative statement, purportedly made by Defendant Saucedo, that attributes sole fault to Defendant McDaniel.  At this pre-discovery stage, Plaintiff Cowan pointed to that evidence to support her claims for negligence against Defendant McDaniel.

Notwithstanding the prima facie evidence of the negligence of Defendant McDaniel as stated in the uniform crash report, Defendant Red Rock continued to oppose remand, arguing that (1) the fact Plaintiff Cowan did not subjectively believe Defendant McDaniel was at fault barred any claim against him, and (2) any claim against Defendant McDaniel was barred by the exclusivity provision of the New Mexico Workers Compensation Act.

Defendant Red Rock cannot claim any delay in amending the complaint was attributable to Plaintiff. Plaintiff moved to amend her complaint as early as practicable following the hearing on November 18, 2014. Therefore, Defendant Red Rock cannot show any delay attributable to Plaintiff. Nor can Defendant Red Rock show any bad faith or dilatory motive in her motion to amend. Further, Defendant Red Rock would not suffer any prejudice by allowing amendment. Defendant Red Rock was plainly on notice of the claim against Defendant McDaniel at the time it removed the action -- Defendant Red Rock's sole basis for removal, fraudulent joinder, was based on the claim against Defendant McDaniel. No discovery having been conducted at this time, and no substantive rulings having been decided by the Court, Defendant Red Rock cannot complain that it has been prejudiced, or that Plaintiff has gained some advantage. This is Plaintiff's first motion to amend, and therefore there has been no previous failure to cure deficiencies. Finally, Defendant Red Rock has not shown that amendment to the complaint would be futile.

In short, the threshold showing for amendment of the complaint, at this stage of the proceedings, is quite low; and Defendant Red Rock's burden is quite high. Defendant Red Rock not having shown any undue delay, undue prejudice, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, Plaintiff respectfully requests that the Court GRANT her motion to amend.

Motion Memo. at 2-4 (citations omitted).

Cowan attaches the FAC -- the amended complaint that the Motion seeks leave to file as a replacement for the operative Complaint -- as an exhibit to the Motion Memo. The FAC makes two changes from the Complaint. First, the FAC alleges a claim by Cowan against McDaniel, for personal injury. See FAC ¶¶ 30-35, at 4-5. Second, the FAC removes virtually all indications that McDaniel is a Plaintiff in this case. Where the Complaint lists McDaniel's name in the caption as a Plaintiff, refers to him as "Plaintiff McDaniel" five times in the body of the text, and refers to all claims as being asserted by the "Plaintiffs," the FAC keeps McDaniel's

name in the caption as a Plaintiff, but never refers to him in the body of the text as a Plaintiff, and all but one[3] reference to "Plaintiffs" have been changed to either "Plaintiff Cowan" or "Plaintiff." Compare Complaint ¶¶ 1, at 1; id. ¶ 11, at 2; id. ¶ 20, at 3; id. ¶ 40, at 5 (referring to "Plaintiff McDaniel"), and id. ¶ 22, at 3; id. ¶¶ 28, 31, 33-37, at 4; id. ¶¶ 38-39, 42, at 5 (referring to "Plaintiffs" (emphasis added)), with FAC *passim* (referring to McDaniel only as a Defendant and never as a Plaintiff), and FAC ¶¶ 1, at 1; id. ¶¶ 19-20, 25, at 2; id. ¶¶ 28-31, 34-35, at 4; id. ¶¶ 36-44, at 5; id. ¶¶ 45, 47, at 6 (referring to the singular generic "Plaintiff" or "Plaintiff Cowan"). This seeming expunction from the FAC of McDaniel's status as a Plaintiff is made clearest in comparing the "Parties" sections of the Complaint and the FAC. The Complaint contains the following:

### PARTIES

1.    Plaintiff McDaniel is a resident of Bernalillo County, New Mexico.

---

[3]In alleging its first claim, one of the five paragraphs, FAC ¶ 27, at 4, setting forth the claim refers to the plural "Plaintiffs."

> 25.    Plaintiff incorporates all allegations as though contained herein.
>
> 26.    The wreck was caused, in whole or in part, by the negligence and reckless conduct of Defendant Saucedo.
>
> 27.    Defendant Saucedo's conduct in causing the wreck was intentional, willful, wanton, malicious, and otherwise in reckless disregard for the personal safety of Plaintiffs and others on the road.
>
> 28.    Plaintiff Cowan seeks all available tort damages caused by the negligence of Defendant Saucedo.
>
> 29.    Plaintiff seeks punitive damages as determined by the trier of fact that are appropriate and necessary to punish Defendant Saucedo and to deter similar conduct by others in New Mexico.

FAC ¶¶ 25-29, at 3-4 (emphases added)(citation to the record omitted). Even here, it appears the FAC's one reference to "Plaintiffs" is accidental. FAC ¶ 27, at 4.

. . . .

    8.      Defendant McDaniel is a resident of Bernalillo County, New Mexico.

Complaint ¶¶ 1-8, at 1-2 (boldface omitted from heading to avoid confusion).  These two paragraphs are the first and last paragraphs of the "Parties" section, and there are no other references to McDaniel in that section.  The FAC's analogous section provides:

<u>PARTIES</u>

    1.      Plaintiff Cowan is a resident of Bernalillo County, New Mexico.

. . . .

    7.      Defendant McDaniel is a resident of Bernalillo County, New Mexico.

FAC ¶¶ 1-7, at 1-2 (boldface omitted from heading to avoid confusion).  These two paragraphs are the first and last paragraphs of the "Parties" section, and there are no other references to McDaniel in that section.

Cowan's counsel signed the Motion, the Motion Memo., and the FAC, and McDaniel's counsel did not sign any of them.  Furthermore, none of the documents indicate that McDaniel consented to them or that they were served upon McDaniel, as the certificates of service for each document state only that they were served upon Red Rock and Defendant Francisco Javier Mendez Loya d/b/a Translogistica Menlo.  McDaniel did not respond to the Motion.

Red Rock responded, opposing the Motion on two grounds: (i) that the amendment would be futile, because the Workers' Compensation Act, N.M. Stat. Ann. § 52-1-1 to -70, precludes Cowan from recovering on her claim against McDaniel, <u>see</u> Red Rock Risk Retention Group Inc.'s Response to Plaintiff Vanessa Cowan's Motion to Amend Complaint at 5-7, filed December 19, 2014 (Doc. 33)("Response"); and (ii) that granting the Motion would destroy diversity and require remand to state court, and, in doing so, would prejudice Red Rock, which

prefers the federal forum, see Response at 8.  Cowan replied to the Response, arguing (i) that the fraudulent-joinder standard should apply to her attempt to assert the new claim, see Reply in Support of Plaintiff Cowan's Motion to Amend Complaint at 1-2, filed December 26, 2014 (Doc. 34)("Reply"); (ii) that the original Complaint gave McDaniel fair notice that Cowan intended to allege a claim against him, see Reply at 2-4; and (iii) that, even if the Complaint did not give McDaniel fair notice, Red Rock lacks standing to raise the issue on McDaniel's behalf, see Reply at 4-5.  Like the Motion and the Motion Memo., (i) the Reply does not represent that McDaniel consents to the Motion;[4] (ii) McDaniel not sign the Reply; and (iii) the Reply does not indicate that it was served upon McDaniel.  See Reply at 5-6.

At the hearing on the Motion, the Court asked McDaniel whether he would still be a claim-asserting Plaintiff under the FAC, to which McDaniel replied that he would be.

> THE COURT:  All right.  Good afternoon to you, and for Terry McDaniel.  Let me ask this:  Is Terry McDaniel still a plaintiff?
>
> MR. THOMPSON:  Good afternoon, Your Honor yes, Bruce Thompson for Terry McDaniel, as plaintiff; he is still a plaintiff, yes.
>
> THE COURT:  All right.  So he's bringing all the same claims against the defendants that Ms. Cowan is.
>
> MR. THOMPSON:  That's correct, Your Honor.  He stands on his original complaint.  Obviously he's not bringing claims against himself, but all the other claims stained contained in the original complaint of Mr. Terry McDaniel is pursuing.

---

[4]It became clear at the hearing that McDaniel consents to the Motion.  That the Reply makes no mention of McDaniel's consent to the Motion is interesting, particularly given the Reply's standing argument, which is that "[t]he proper procedure . . . [under rule 12(e)] would have been [for McDaniel, not Red Rock] to file a Motion for More Definite Statement."  Reply at 4.  One would think that, in making an argument that revolves around whether a prior pleading gave a party fair notice of forthcoming claims, it would be worth mentioning that the party presently consents to defending those claims.

Transcript of Hearing at 2:13-3:1 (taken December 30, 2014)("Tr.")(Court, Thompson).[5]  Later

on in the hearing McDaniel spoke in support of the Motion.

> MR. THOMPSON:  . . . I just have a brief statement to make on behalf of Terry McDaniel.  I wanted to be plain and Mr. McDaniel has obviously given me permission to say this, but . . . Terry McDaniel has advised me that he did have notice of the claim against him with the original complaint, and that the, especially with the police report attached to that complaint, that put him on notice of a possible claim against him.
>
> . . . .
>
> To the extent that he had notice of a claim that he does not to whatever extent it's relevant he does not object to the claim brought against him as a defendant.  That was an objection raised by defendant [R]ed [R]ock.  But defendant Terry McDaniel on his behalf, he had notice of the claim and does not object to the claim being brought against him.
>
> THE COURT:  All right.  And what is the significance of that concession?  What do you think that does for me on jurisdiction.
>
> MR. THOMPSON:  Your Honor, I this I think that under the notice pleading standard, I think that it what's in favor of finding that the original complaint was sufficient on its face.  In other words, if the police report with all of the factual basis had not been attached to the complaint we would be in a different ballpark, in other words under Iqbal this Court could dismiss the complaint brought against Terry McDaniel not having a reasonable basis or a sound basis, but the fact that the police report with all of its allegations, factual allegations against my client was attached to the complaint, that, I submit Your Honor gives rise to a finding that the complaint was satisfy in the first instance.
>
> THE COURT:  So you're kind of going back and arguing the motion to remand now?
>
> MR. THOMPSON:  That's precisely right.  And the only thing that I'm adding to the record is that Terry McDaniel himself concedes that the complaint was satisfactory and he was on notice of claims.
>
> . . . .

---

[5]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final version may contain slightly different page and/or line numbers.

MR. THOMPSON:  Thank you, Your Honor, if you addressed the primary issue that I wanted to raise which was the complexity of the workers' compensation act.  It's not disputed that Vanessa Cowan was asleep at the time of the crash, and the evidence according to Ms. Cowan and Mr. McDaniel is that they were not paid for miles that they were asleep, they were paid for miles that they drove.  So it's a very complicated issue of state law.  I think that what's in favor of not exercising if supplemental jurisdiction under this claim, thank you, Your Honor.

THE COURT:  All right thank you Mr. Thompson.

Tr. at 13:11-22 (Thompson); id. at 14:12-15:17 (Thompson, Court); id. at 34:8-25 (Court, Thompson).  The above-quote passages were McDaniel's only statements at the hearing.

### LAW REGARDING AMENDING THE PLEADINGS BEFORE TRIAL

Rule 15(a) provides that a party may amend his or her pleading as a matter of right within twenty-one days of serving it and within twenty-one days of the service of a response pleading; otherwise, the party must obtain the opposing parties' consent or the court's leave -- which should be "freely give[n] . . . when justice so requires -- to amend his or her pleading.

**(a)**   **Amendments Before Trial.**

    **(1)**   ***Amending as a Matter of Course.***   A party may amend its pleading once as a matter of course within:

        **(A)**   21 days serving it, or

        **(B)**   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading on 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    **(2)**   **Other Amendments.**   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

    **(3)**   **Time to Respond.**  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original

- 11 -

> pleading or within 14 days after service of the amended
> pleading, whichever is later.

Fed. R. Civ. P. 15(a).  Under rule 15(a), the court should freely grant leave to amend a pleading where justice so requires.  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M. 2010)(Browning, J.);  Youell v. Russell, No. 04-1396, 2007 WL 709041, at *1-2 (D.N.M. Feb. 14, 2007)(Browning, J.);  Burleson v. ENMR-Plateau Tele. Co-op., No. 05-0073, 2005 WL 3664299, at *1-2 (D.N.M. Sept. 23, 2005)(Browning, J.).  The Supreme Court of the United States has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).  See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

A court should deny leave to amend under rule 15(a), however, where the proposed "amendment would be futile."  Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv., 175 F.3d 848, 859 (10th Cir. 1999).  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80. An amendment is "futile" if the pleading "as amended, would be subject to dismissal."  In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80 (citing TV Commc'ns Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)).  A court may also deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed."  In re

Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d

1357, 1365-66 (10th Cir. 1993)).  The Tenth Circuit has also noted:

> It is well settled in this circuit that untimeliness alone is a sufficient reason to
> deny leave to amend, see Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452,
> 1462 (10th Cir. 1991); Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893
> F.2d 1182, 1185 (10th Cir. 1990); First City Bank v. Air Capitol Aircraft Sales,
> 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion
> has no adequate explanation for the delay, Woolsey, 934 F.2d at 1462.
> Furthermore, "[w]here the party seeking amendment knows or should have
> known of the facts upon which the proposed amendment is based but fails to
> include them in the original complaint, the motion to amend is subject to denial."
> Las Vegas Ice, 893 F.2d at 1185.

Frank v. U.S. W., Inc., 3 F.3d at 1365-66.  "The . . . Tenth Circuit has emphasized that '[t]he

purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be

decided on its merits rather than on procedural niceties.'"  B.T. ex rel. G.T. v. Santa Fe Pub.

Sch., No. 05-1165, 2007 WL 1306814, at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(quoting

Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).

   If a party seeks to amend his or her pleading after the time for seeking leave for pleading

amendments has passed under a scheduling order, then, in addition to meeting rule 15(a)(2)'s

requirements, he or she must satisfy rule 16(b)(4)'s good-cause requirement.  See Gorsuch, Ltd.,

B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014)(Matheson, J.)

("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good

cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule

15(a) standard.").  Rule 16(b)(4) states: "A schedule may be modified only for good cause and

with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "In practice, this standard requires the

movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent

efforts.'"  Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d at 1240.  The rule

"focuses on the diligence of the party seeking leave to modify the scheduling order to permit the

proposed amendment." Advanced Optics Elecs., Inc. v. Robins, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010)(Browning, J.)("Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."). See Gerald v. Locksley, 849 F. Supp. 2d 1190, 1209-11 (D.N.M. 2011)(Browning, J.)(same).

The Court has previously stated that its rule 16(b) good-cause inquiry focuses on the diligence of the party seeking to amend the scheduling order. See Walker v. THI of N.M. at Hobbs Ctr., 262 F.R.D. 599, 602-03 (D.N.M. 2009)(Browning, J.); Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. 08-1101, 2009 WL 3672505, at *2-3 (D.N.M. Sept. 29, 2009) (Browning, J.); Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., Nos. 02-1146 and 03-1185, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007)(Browning, J.). The United States District Court for the District of South Carolina has stated:

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997)(citations omitted), aff'd, 129 F.3d 116 (4th Cir. 1997). See Denmon v. Runyon, 151 F.R.D. 404, 407 (D. Kan. 1993)(affirming an order denying the plaintiff's motion to amend after the deadline which the scheduling order established had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence"). Cf. SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518-19

(10th Cir. 1990)(affirming, under rule 16(b), denial of a motion to amend an answer to include a compulsory counterclaim filed three months after the scheduling order deadline).

In In re Kirkland, 86 F.3d 172 (10th Cir. 1996), the Tenth Circuit dealt with the definition of "good cause" in the context of rule 4(j).[6]  The Tenth Circuit noted:

> [W]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified" is normally required.

86 F.3d at 175 (emphasis omitted)(internal quotation marks omitted)(quoting Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987)).  The Tenth Circuit explained that Putnam v. Morris "thus recognized that the two standards, although interrelated, are not identical and that 'good cause' requires a greater showing than 'excusable neglect.'"  In re Kirkland, 86 F.3d at 175.

Other courts within the Tenth Circuit have held that "the 'good cause' standard primarily considers the diligence of the party . . . seeking an extension[, who] must show that despite due diligence it could not have reasonably met the scheduled deadlines.  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. 295, 301 (D. Kan.1996)(alterations in original)(internal

---

[6]The version of rule 4(j) the Tenth Circuit discussed in In re Kirkland was the version in effect after the 1983 amendments to rule 4(j).  That version of rule 4(j) provided:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.  This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Act of Feb. 26, 1983, Pub. L. No. 97-462, 96 Stat. 2527.

quotation marks omitted).  The Honorable Dale A. Kimball, United States District Judge for the

District of Utah, found "good cause" existed to amend his scheduling order when he decided to

permit the plaintiff's counsel to withdraw as counsel.  <u>Kee v. Fifth Third Bank</u>, No. CIV 06-0602

DAK/PMW, 2008 WL 183384, at *1 (D. Utah Jan. 17, 2008).  Judge Kimball reasoned: "[I]n

light of the court's decision to permit [counsel] to withdraw . . . the court has determined that

good cause exists for amending the existing scheduling order."  <u>Kee v. Fifth Third Bank</u>, 2008

WL 183384, at *1.

## <u>ANALYSIS</u>

The Court will grant Cowan leave[7] to file the FAC, but she should think long and hard

whether she wants to do so.  The effect of filing the FAC will be: (i) Cowan will allege a single

new claim against McDaniel; (ii) McDaniel will no longer assert any claims against anyone, and

will thus become a Defendant in this action;[8] and (iii) this case will, therefore, become

nondiverse, and the Court will remand it to state court.[9]  Reasons for denying leave to amend

---

[7]The Plaintiffs require the Court's leave to amend their Complaint, because a plaintiff "may amend its [complaint] once as a matter of course" only within twenty-one days of an answer being filed. Fed. R. Civ. P. 15(a)(1)(B).  Red Rock, however, answered the Complaint four months before Cowan filed the Motion.  <u>See</u> Defendant Red Rock Risk Retention Group, Inc.'s Answer to Plaintiffs' Complaint for Declaratory Judgment and Damages, filed June 4, 2014 (Doc. 5).  Cowan does not dispute that she requires the Court's leave, and her Motion is styled as one requesting such leave.

[8]Deleting claims via amendment is not tantamount to a dismissal on the merits.  Cowan and McDaniel should, however, consider the possibility that the state court that will receive this case if Cowan files the FAC might estopp McDaniel from alleging claims or cross-claims against the other Defendants, as a result of his procedural maneuvering in federal court.  The Court cannot direct a state court to take this measure, of course, and it makes this statement as a warning to Cowan and McDaniel and not as a suggestion -- let alone a direction -- to the state court.

[9]Although the Court does not want to insert itself into a lawyer's business -- and maintaining professional standards of conduct is a lawyer's business -- McDaniel's counsel should be very careful to avoid conflicts of interest in this case.

include "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. at 182. Red Rock opposes the Motion on the grounds that (i) the FAC will prejudice it by necessitating remand to state court; and (ii) the amendments in the FAC are futile. The Court will address these contentions in turn.

## I.        THE FAC WILL NOT UNDULY PREJUDICE RED ROCK.

The Court will first outline the FAC's effects. The FAC deletes all claims that McDaniel presently alleges and converts him into a Defendant, necessitating remand. The Court will then analyze the these effects' impact on Red Rock.

---

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a)    represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b)    use information relating to the representation to the disadvantage of the former client except as Rule 16-106 would permit with respect to a client or when the information has become generally known.

N.M. R. Prof'l Conduct 16-109.

McDaniel's current lawyer previously represented both Cowan and McDaniel in this case. If Cowan files the FAC and asserts claims against McDaniel, McDaniel's current lawyer -- who is Cowan's old lawyer in this this case -- cannot continue to represent McDaniel without Cowan's consent. Rule 16-109 exists to prevent a lawyer in McDaniel's lawyer's position from using attorney-client information obtained from the prior client to attack the prior client's case against the current client, e.g., if Cowan had told McDaniel's lawyer, while he still represented her, that she had contributed to the accident in some way or that she observed the accident, McDaniel's lawyer would be torn between his duty to his current client, McDaniel, and his residual duty to his former client, Cowan.

- 17 -

### A.    MCDANIEL ALLEGES NO CLAIMS UNDER THE FAC.

That McDaniel alleges no claims in the FAC is a straightforward interpretation of the FAC.  There is no indication in the FAC that McDaniel alleges any claims, other than (i) his name being in the caption as a Plaintiff (and as a Defendant) -- and it is not unusual for a party to remain listed in a case caption even after the party is dismissed from the case; and (ii) a single, passing reference to there being plural "Plaintiffs" in FAC ¶ 27, at 4.  When a new complaint is filed -- either as a matter of right under rule 15(a)(1) or with leave from the Court under rule 15(a)(2) -- the new complaint replaces the old one.  A case may have only one operative complaint, and McDaniel, thus, cannot argue that the Complaint remains operative alongside the FAC.  See Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed: (1) a complaint . . . ." (emphasis added)).[10]  Even if the rules permitted multiple, simultaneously operative complaints -

---

[10]Rule 7(a) does not allow for the filing of a "cross-complaint," although many treatises and even the rule 13's advisory notes use the term.  Fed. R. Civ. P. 13 advisory notes to 1946 amendment, subsection (g).  E.g., 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 1187 (3d ed.)("It is possible to regard the cross-complaint and the third-party complaint as a 'new' complaint . . . .").  The rule provides, however, that a party may plead "an answer to a crossclaim."  Fed. R. Civ. P. 7(a)(4).  Analyzing defendant-on-defendant cross-claims, the Honorable Claire V. Eagan, Chief United States District Judge for the Northern District of Oklahoma, stated:

> Fed. R. Civ. P. 13(g) states that "[a] pleading may state as a crossclaim any claim by one party against a coparty . . . ."  Rule 12 sets the time for response to a crossclaim as "within 20 days after being served with the pleading that states the . . . crossclaim."  Rule 7(a) lists the pleadings allowed in federal court.  These include: a complaint; an answer to a complaint; and an answer to a crossclaim.  Rule 7 does not list a crossclaim or a "cross-complaint" as a permissible pleading.
>
> It is clear from these rules that a crossclaim must be stated in a pleading, and that a standalone crossclaim is not itself a pleading.  Therefore, in general, a crossclaim must be asserted in an answer.  See Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir. 1992)("Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer"), In re Cessna Distributorship Antitrust Litig., 532 F.2d 64, 68 (8th Cir. 1976)(stating that a

---

- 18 -

- which they do not -- the Motion clearly and repeatedly states that it is one to "amend" the Complaint and not one to add a new complaint.

McDaniel cannot argue that he did not consent to the Motion.  Although Cowan failed to comply with the District of New Mexico's meet-and-confer rule, see D.N.M. L.R.-Civ. 7.1(a) ("Movant must determine whether a motion is opposed . . . ."), and its service-on-all-parties rule, see D.N.M. L.R.-Civ. 7.1(b) ("A motion, response, or reply must include a certificate of serve on each party."), her noncompliance is not necessarily fatal to the Motion, see D.N.M. L.R.-Civ. 7.1(a) ("[A] motion that omits recitation of a good-faith request for concurrence may be summarily denied."  (emphasis added)).  McDaniel's failure to respond to the Motion, on the other hand, is determinative of his consent to the Motion.  See D.N.M. L.R.-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition within the time prescribed for doing

---

crossclaim must be asserted in a pleading but is not itself a pleading), U.S. v. Finn, 239 F.2d 679, 684 n. 28 (9th Cir. 1956)("[t]he only way to file a cross-claim in a Federal court is to file an answer containing a cross-claim"), Allied Medical Care Assocs. v. State Farm Mut. Auto. Ins. Co., No. 08-2434, 2009 WL 839063, at *2 (E.D. Pa. Mar. 26, 2009)("[b]ecause a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim *as part* of a recognized pleading" (emphasis in original)).

Johnson's purported crossclaim was not filed in a Rule 7 pleading, and was, therefore, improperly filed.  The Court will not construe Johnson's filing as an amendment to his answer, because: Johnson has made no such request; it was not styled as such; it was filed after the deadline for amending the pleadings in the Court's scheduling order; and Johnson did not request leave to amend his answer.

State Farm Mut. Auto. Ins. Co. v. Mathis, No. CIV 09-0308 CV3 TLW, 2009 WL 5065685, at *1-2 (N.D. Okla. Dec. 16, 2009)(emphases in case but not in source rule)(citations omitted).  The Court agrees with Judge Eagan's analysis.  Applying it to plaintiff-on-plaintiff cross-claims, the cross-claimant plaintiff must either amend his or her complaint to assert a cross-claim against the cross-defendant plaintiff -- and the court may grant this cross-claim over the presumed objection of the cross-defendant plaintiff -- or, if the cross-claim's addition to the master complaint might prejudice the cross-defendant plaintiff in pursuing his or her claims against the defendant, the court may instead grant the cross-claimant plaintiff leave to file a reply to a defendant's answer and include the cross-claim in that reply.  See Fed. R. Civ. P. 7(a)(7).

- 19 -

so <u>constitutes consent to grant the motion</u>." (emphasis added)). Moreover, it became clear at the hearing that -- local-rule technicalities aside -- McDaniel consents to the Motion. <u>See</u> Tr. at 13:11-22 (Thompson); <u>id.</u> at 14:12-15:17 (Thompson, Court); <u>id.</u> at 34:8-25 (Court, Thompson).

**B.    MCDANIEL'S SWITCH IN STATUS FROM A PLAINTIFF TO A DEFENDANT WILL NECESSITATE REMAND TO STATE COURT.**

Having established that the FAC adds a single claim by Cowan against McDaniel and erases all of McDaniel's claims against anyone, the Court next analyzes the FAC's impact on the Court's subject-matter jurisdiction. If Cowan files the FAC, the Court will lose its diversity jurisdiction and must remand this case to state court. The Court stated in its earlier MOO that any claims Cowan alleged against McDaniel would be cross-claims and, thus, would not destroy diversity. <u>See</u> MOO at 41 ("[A] claim by Cowan against McDaniel -- even if one existed, which, for the time being, is not the case -- would be a cross-claim, and would not defeat the Court's diversity jurisdiction, even though both Cowan and McDaniel are New Mexico citizens."). The Court added, however, an important caveat to this statement, noting that "the presently outstanding Motion to Amend does not appear to change McDaniel's status to that of a pure Defendant -- it simply asserts a claim by Cowan against McDaniel." MOO at 41. Explaining this statement in a footnote, the Court wrote:

> It is difficult to tell whether the Motion to Amend seeks to convert McDaniel into a pure Defendant, as (i) the motion's drafter does not explicitly say that McDaniel is being dropped as a Plaintiff, which is something one would expect to see explained if it were the case; (ii) the caption continues to list McDaniel as both a Plaintiff and a Defendant; but (iii) all references to McDaniel as a "Plaintiff" appear to have been omitted from the proposed amended Complaint. At the hearing on the Motion to Amend, the Plaintiffs" lawyer clarified that McDaniel still intended to assert claims as a Plaintiff. <u>See</u> Transcript of Hearing at 2:13-3:1 (taken December 30, 2014)(Court, Thompson)("THE COURT: . . . . Is Terry McDaniel still a plaintiff? . . . . MR. THOMPSON: . . . . [H]e is still a plaintiff, yes. . . . THE COURT: . . . So he's bringing all the same claims against the defendants that Ms. Cowan is[?] . . .

MR. THOMPSON: That's correct, Your Honor. He stands on his original complaint.").

MOO at 41 n.17.  Basically, when ruling on the earlier Motion to Remand, the Court took McDaniel at his word that he would still allege claims under the FAC.  Examining the FAC more closely now than it did then -- after all, the Motion had not been fully argued at the point at which the Court was ruling on the Motion to Remand -- the Court concludes that it cannot plausibly read the FAC to include claims by McDaniel.

The Court could use the technique that the United States Court of Appeals for the Eighth Circuit green-lighted in Ryan ex rel. Ryan v. Schneider National Carriers, Inc., 263 F.3d 816 (10th Cir. 2001)(per curiam)("Ryan"), and conclude that McDaniel remains a Plaintiff under the FAC despite not asserting any claims, but, upon closer examination, the Court concludes that Ryan is distinguishable.  In Ryan, the plaintiffs were the driver and passenger of a recreational vehicle that rear-ended a Missouri Department of Transportation ("MDOT") truck.  Before the collision, a tractor-trailer ("semi") owned by Schneider National Carriers, Inc. was between the RV and the MDOT truck.  See Ryan, 263 F.3d at 818.  Schneider National's semi pulled out of the lane to avoid the slow-moving MDOT vehicle, and the RV -- being unaware that the MDOT vehicle was there on account of the Schneider National's truck creating a visual obstruction -- hit the MDOT truck, killing two and seriously injuring others in the RV.  See 263 F.3d at 818.

The plaintiffs -- the driver, Harvey Ryan; his wife, Hope Ryan; their son, Kristopher Ryan; Hope Ryan's sister, Elaine Galloway; and Diana and Mark Ring -- filed a petition[11] in state court, alleging that Schneider National's driver was negligent in failing to warn vehicles

---

[11]Missouri state-court practice uses the term "petition" for what the federal courts call a "complaint."  Compare Mo. R. Civ. P. 509.010 (Pleadings)("There shall be a petition and an answer . . . ."), with Fed. R. Civ. P. 7(a)(1) (Pleadings)(listing, first, "a complaint").

- 21 -

behind the truck of the hazard ahead.  See 263 F.3d at 818.  Hope Ryan and her sister, Elaine Galloway, also alleged the wrongful death of their father, Howard Keller.  See 263 F.3d at 818. Because the Ryans and Galloway were Oklahoma residents, the Rings were Texas residents, and Schneider National was a Nevada corporation with its principal place of business in Wisconsin, Schneider National removed the case to federal court.  See 263 F.3d at 818.

In the first amended complaint, Hope Ryan, Kristopher Ryan, and the Rings reasserted their negligence claims against Schneider National and its driver, and added negligence claims against the MDOT truck driver, a Missouri resident.  See 263 F.3d at 818.  Harvey Ryan did not assert any claims.  See 263 F.3d at 818.  Hope Ryan and Galloway reasserted their wrongful-death claims.  See 263 F.3d at 818.  In answering the first amended complaint, Schneider National alleged Harvey Ryan's negligence caused the plaintiffs' injuries.  See 263 F.3d at 818.

Hope Ryan, Kristopher Galloway, and the Rings then filed a motion for leave to file a second amended complaint adding Harvey Ryan as a defendant.  See 263 F.3d at 818.  Schneider National opposed the motion, arguing that, because Harvey Ryan had not sought leave to dismiss his individual claims against Schneider National, he remained a plaintiff in the action, and the other plaintiffs' claims against him should be designated as cross-claims.  See 263 F.3d at 818. The district court granted the plaintiffs leave to amend to add cross-claims against Harvey Ryan but not to convert Harvey Ryan into a defendant.  See 263 F.3d at 818.  The district court wrote:

> As Schneider correctly points out, Plaintiffs' claim should be characterized as a cross-claim against Plaintiff, Harvey Ryan, since Harvey Ryan is a Plaintiff and not a Defendant in this suit.  The Court will consider Plaintiff's motion as a leave to file a cross-claim against Plaintiff, Harvey Ryan, and on that basis [it] is granted.

Ryan., No. 00-6006-CV-SJ-3-ECF (W.D. Mo. Apr. 14, 2000)(Doc. 42)(Smith, J.).

The plaintiffs filed a motion for remand to state court, contending that the district court lacked subject-matter jurisdiction, because both Hope Ryan and Harvey Ryan -- whom the plaintiffs contended were a plaintiff and a defendant, respectively -- were Oklahoma residents. See Ryan, 263 F.3d at 818.  In opposing the motion, Schneider argued that there was complete diversity between all plaintiffs and all defendants, because Harvey Ryan remained a plaintiff despite the plaintiffs' intentions to the contrary, and that the court had supplemental jurisdiction over the plaintiffs' cross-claims against Harvey Ryan under 28 U.S.C. § 1367(a).  See 263 F.3d at 818.  Harvey Ryan filed a motion to voluntarily dismiss all of his claims against the defendants -- presumably to strengthen his contention that he was a defendant and not a plaintiff -- and Schneider National opposed the motion, appealing to the court's discretion under rule 41(a)(2).  See 263 F.3d at 818.  The district court never ruled on that motion.

Schneider National next filed a motion to dismiss the plaintiffs' claims against it, and the district court granted the motion, concluding that truck drivers have no duty to motorists behind them.  See 263 F.3d at 818-19; Ryan, No. 00-6006-CV-SJ-3-ECF (W.D. Mo. Apr. 14, 2000) (Doc. 56).  Because there was no longer any opposition to the plaintiffs' motion to remand, the district court remanded the action to state court.  See 263 F.3d at 819.  The plaintiffs filed a motion to alter or amend the judgment, asserting that the district court lost subject-matter jurisdiction when it allowed the cross-claims against Harvey Ryan, and thus lacked subject-matter jurisdiction to rule on Schneider National's motion to dismiss.  See 263 F.3d at 819.  The district court denied the motion.

> The original defendant's [sic] were diverse in citizenship from Plaintiffs so complete diversity existed and the Federal District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  For that very reason, Defendants' removal was appropriate, and the Court was able to rule on the motion to add a cross-claim against Harvey Ryan. Adding a claim against Harvey Ryan did not destroy diversity because Mr. Ryan remained a co-Plaintiff with a cross-claim against him

and not an additional defendant. The Court then had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Mr. Ryan because the Court had original jurisdiction over the parties and the cross-claim was so closely related to the other claims that "they form part of the same case or controversy."  28 U.S.C. § 1367(a).

At the time the Court dismissed the claims against Defendants Schneider and Doe, diversity still existed between Plaintiffs and remaining Defendant Rice. Thus the Court maintained supplemental jurisdiction over Harvey Ryan.  Once Defendants Schneider and Doe were dismissed, there was no opposition to Plaintiffs' Motion to Remand. Consequently, the Court granted Plaintiffs' Motion to Remand based on lack of opposition, not on lack of jurisdiction as Plaintiffs assert.

Ryan, No. 00-6006-CV-SJ-3-ECF (W.D. Mo. Apr. 14, 2000)(Doc. 62).  The plaintiffs appealed,

and the Eighth Circuit upheld the district court's ruling.

Although federal courts must look beyond the pleadings and arrange the parties according to their sides in the dispute, later events do not deprive a court of jurisdiction over parties who were properly aligned in the first instance.  Here, the parties were properly aligned at the time of the state petition and petition for removal.[12]  Harvey Ryan was injured in the accident and like the other plaintiffs

---

[12]The Court does not agree with this paragraph of the Eighth Circuit's opinion, at least not in cases removed from state court.  The statute titled "Procedure after removal generally" provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  This statute explicitly provides that a federal court loses jurisdiction when it permits the joinder of a nondiverse defendant.

The Eighth Circuit's contention is similar to that which Red Rock proposes in citing to the following passage of Federal Practice & Procedure:

It has long been hornbook law, applied by courts at all levels of the federal judiciary throughout the nation, that whether federal diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court as prescribed by Federal Rule of Civil Procedure 3.  The Supreme Court has stated this principle several times.

13 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice and Procedure § 3608 (3d ed.)(footnote omitted)("Wright & Miller").  What Wright & Miller means, however -- and this meaning becomes clear upon looking at the cases that it cites for its proposition -- is that if a party's citizenship changes after the point of filing or removal, the "old" citizenship is the one used in determining diversity, e.g., if someone from Texas sues someone from New Mexico, the Court does not lose jurisdiction if the Texas

sought to recover for his injuries from Schneider.   The plaintiffs other than Harvey Ryan made no claims against him.

The district court correctly allowed the plaintiffs to amend their complaint to assert their claims against Harvey Ryan as cross-claims against a co-plaintiff rather than as claims against a defendant.   In deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation.   Courts consider whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured if amendment is refused, and any other factors bearing on the equities.   Here, it appears the plaintiffs' main reason for adding Harvey Ryan as a defendant, rather than filing a cross-claim against him, was to destroy diversity jurisdiction.   More importantly, allowing the plaintiffs to assert a cross-claim against Harvey Ryan gave them the same protection they sought by asserting a claim against him as a defendant, so the plaintiffs suffer no injury from the district court's solution.   Although the plaintiffs have an interest in protecting themselves if Harvey Ryan is found liable for their injuries, the proper means for protecting their interest is the filing of a cross-claim against their co-plaintiff under Federal Rule of Civil Procedure 13(g). The cross-claim meets the requirements of Rule 13(g) because it is "by one party against a co-party arising out of the transaction or occurrence [here, the automobile accident] that is the subject matter . . . of the original action."   The addition of the cross-claim did not defeat diversity jurisdiction.   On the other hand, if the district court had allowed the claims against Harvey Ryan as a defendant, complete diversity would have been destroyed, and the district court would have had to either deny joinder or permit joinder and remand the action to state court.

Ryan, 263 F.3d at 819-20 (citations omitted).   The Court agrees with the Eighth Circuit's

holding.   Nondiverse cross-claims do not defeat federal diversity jurisdiction.   See Owen Equip.

& Erection Co. v. Kroger, 437 U.S. 365, 380-81 (1978)(White, J., dissenting, joined by

Brennan, J.)("Even the majority . . . recognizes with seeming approval the exercise of ancillary

jurisdiction over nonfederal claims in situations involving impleader, cross-claims, and

---

citizen moves to Santa Fe after the case is filed or removed.   See Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567 (2004); Dole Food Co. v. Patrickson, 538 U.S. 468 (2003); Wis. Dep't of Corr. v. Schacht, 524 U.S. 381 (1998).

counterclaims."[13]); <u>Ryan</u>, 263 F.3d at 819; <u>Scott v. Fancher</u>, 369 F.2d 842, 844 (5th Cir. 1966)("We also reject Scott's contention that Short's cross-claim against Scott was not ancillary to the original suit and therefore required an independent jurisdictional base. . . .  In such case jurisdiction rests with the primary suit.").

The difficulty in applying <u>Ryan</u>'s approach in this case is that the <u>Ryan</u> district court ruled that Harvey "Ryan remained a co-Plaintiff with a cross-claim against him and not an additional defendant," despite that an earlier amended complaint had dropped all of Harvey Ryan's claims.  <u>Ryan</u>, No. 00-6006-CV-SJ-3-ECF (W.D. Mo. Apr. 14, 2000)(Doc. 62).  The district court, "look[ing] beyond the pleadings and arrang[ing] the parties according to their sides in the dispute," decided that Harvey Ryan was still a plaintiff, not a defendant.  <u>Ryan</u>, 263 F.3d at 819.  The Court agrees that,

> [i]n determining whether diversity of citizenship jurisdiction exists, the federal court is not bound by the way the plaintiff formally aligns the parties in his or her original pleading.  It is the district judge's duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute," and that is precisely what federal courts do.
>
> Realignment of the parties usually will have the effect of leading the court to decide that subject matter jurisdiction is defeated; the rule works both ways, however, and subject matter jurisdiction will be sustained if diversity of citizenship exists when the parties are aligned properly, even though it is lacking on the face of the pleadings.

13 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, <u>Federal Practice and Procedure</u> § 3608 (3d ed.)(footnotes omitted)("Wright & Miller").  In <u>Ryan</u>, Harvey Ryan, the purported defendant, was literally married to one of the

---

[13]Although this statement was written in dissent, it describes the majority's position.  <u>See</u> <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. at 2403 & n.18 (Stewart, J.)("It is true, as the Court of Appeals noted, that the exercise of ancillary jurisdiction over nonfederal claims has often been upheld in situations involving impleader, cross-claims, or counterclaims.").

plaintiffs, and the district court -- being close to the action and thus able to observe Harvey Ryan's strategic interactions with the other plaintiffs -- concluded that he was a co-plaintiff, not a defendant.

The Court, however, does not have Ryan's facts in front of it.  The Court wrote in its MOO that "Cowan could have [at the beginning of the case] crafted the Complaint with herself as the lone Plaintiff, and McDaniel as a pure Defendant, and there would have been no complete diversity.  McDaniel could then assert cross-claims against Saucedo, Loya, and Red Rock, all without creating complete diversity."  MOO at 41.  The FAC does just that.  It is possible that the Eighth Circuit would not agree with those two sentences from the MOO, particularly the second one.  The Court remains convinced, however, that the second sentence correctly states the law.  It may seem that the Court should disregard Cowan's FAC and say, "the Court does not care what you say; McDaniel is a plaintiff."  Such second-guessing of plaintiffs' draftsmanship, however, has risks.  First, Cowan has a different attorney that McDaniel does.  It appears that Cowan has made a decision -- not an unreasonable one -- that McDaniel is to blame as much as Red Rock and Saucedo for her injury.  Second, the Court does not always know everything.  In particular, it often knows very little about the parties' insurance situation.  Cowan may be more adverse now to McDaniel than it would have appeared at the beginning of the case, when the same counsel tried to represent both of them.  Cowan now has her own seasoned, respected counsel, and she may now see McDaniel as a good source of recovery.  The Court should be reluctant to say that McDaniel is really a Plaintiff, and that Cowan's claim against him is a cross-claim, if the FAC does not frame the situation as such.  In the end, this situation is different from that which the Eighth Circuit faced.  Here, if Cowan files her FAC, she has done so pursuant to a court order, and McDaniel will be dropped as a Plaintiff.  While the Court agrees with the Eighth Circuit that

claims between plaintiffs are cross-claims, over which the federal courts have supplemental jurisdiction, Cowan's claim against McDaniel will not be a cross-claim, but, rather, a claim by a single Plaintiff against one of multiple Defendants.

Under the FAC, Cowan asserts a claim against McDaniel, and McDaniel asserts claims against no one. Although it is not a per se rule -- Ryan provides a good example of an exception -- it is generally the case that a party to an action who asserts no claims, but who has claims asserted against him, is a defendant, and not a plaintiff. See Black's Law Dictionary 482 (9th ed. 2009)(defining "defendant" as "[a] person sued in a civil proceeding"). The general rule applies here, rather than the exception laid out by Ryan. If Cowan files the FAC, it will convert McDaniel from a Plaintiff into a Defendant.

### C.      RED ROCK'S LOSS OF A FEDERAL FORUM IS NOT UNDULY PREJUDICIAL.

The Court concludes that the Motion's proposed amendment is not prejudicial to Red Rock. Wright & Miller write:

> In order to reach a decision on whether prejudice will occur that should preclude granting an amendment, the court will consider the position of both parties and the effect the request will have on them. This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.

> For example, if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial. In a similar vein, if the court determines that the proposed amendment would result in defendant being put to added expense and the burden of a more complicated and lengthy trial or that the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may be denied. . . .

> . . . .

On the other hand, plaintiff typically will not be precluded from amending a defective complaint in order to state a claim on which relief can be granted or from adding a claim to an otherwise proper complaint simply because that amendment may increase defendant's potential liability.  Similarly, plaintiff will not be sufficiently prejudiced to justify a denial of an application under Rule 15(a) if defendant is allowed to cure an insufficient defense or to amplify a defense that already has been stated in the answer.  Thus, courts have allowed amendments when it was established that doing so would not unduly increase discovery or delay the trial, and when the opponent could not claim surprise, but effectively should have recognized that the new matter included in the amendment would be at issue.

6 Wright & Miller § 1487 (footnotes omitted).  Wright & Miller leave some room for the possibility that loss of a federal forum can constitute undue prejudice, but only in cases of bad-faith forum manipulation.

The court also may consider the good faith of the party seeking the amendment.  If it determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded, the court may not allow the amendment; even if the amendment is allowed, the Supreme Court has indicated that federal jurisdiction over the removed action will not be defeated.

Wright & Miller § 1487 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293-94 (1938)).

In this case, however, Red Rock has only recently removed the case, and the Motion is timely.  If McDaniel had never been a party in this case before the Motion, and the Motion sought to join McDaniel as a Defendant under rule 20 and 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court, the Court would grant the joinder and remand the case to state court."), then the Court

would grant the joinder.[14]  The FAC, in fact, prejudices the Defendants substantially less than an ordinary § 1447(e) joinder, because -- unlike in a situation where a defendant is added and no plaintiff is removed -- McDaniel's removal from the case as a Plaintiff effectively cuts the Defendants' exposure in half, because, under the FAC, the Defendants will be on the hook only for only Cowan's injuries, and not McDaniel's.

## II.    THE MOTION'S PROPOSED AMENDMENT IS NOT FUTILE.

The Motion's proposed amendment is not futile, because even if the added claim by Cowan against McDaniel will fail, the FAC's primary impact -- dropping all of McDaniel's claims -- will be effective, not futile.  "A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6)."  Ganthier v. N. Shore-Long Island Jewish Health Sys., 298 F. Supp. 2d 342, 349 (E.D.N.Y. 2004).  Cf. Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001)("[D]ismissal under Rule 12(b)(6) without

---

[14]The Tenth Circuit has held that § 1447(e) poses no higher a bar to joinder than is ordinarily the case under rule 20:

> As § 1447(e) indicates, however, the plaintiff does not have an absolute right to join such parties.  Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the court.  Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable.  If so, Rule 19 requires the court either to join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed.  If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court. In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . ."  If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court.  If the district court decides otherwise, it "may deny joinder."

McPhail v. Deere & Co., 529 F.3d 947, 951-52 (10th Cir. 2008)(McConnell, J.)(footnotes omitted)(citations omitted).

affording the plaintiff notice or an opportunity to amend is proper only 'when . . . allowing him an opportunity to amend his complaint would be futile.'"   (quoting <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)).   Red Rock argues that Cowan's attempt to allege a claim against McDaniel is futile, because the Workers' Compensation Act bars this claim.   Looking at the New Mexico Workers' Compensation Administration Report, filed December 19, 2014 (Doc. 33-1), that Red Rock attached to its Response, it appears that Cowan has already received over $120,000.00 from the Workers' Compensation Administration as compensation for this accident. Under the rule 12(b)(6) standard,[15] however, the Court cannot make this conclusion at this stage; neither the Complaint nor the FAC even allege that Cowan and McDaniel both work for Swift Transportation, let alone that Cowan's involvement in the accident was within the scope of her employment.

Moreover, Cowan's new claim against McDaniel is not the portion of the FAC that prejudices Red Rock.   The FAC's deletion of all McDaniel's claims is what will send this case back to state court, and this portion of the amendment is not futile.   The Court grants Cowan leave to file the FAC, and will remand this case to state court if she does.

**IT IS ORDERED** that the Motion to Amend Complaint, filed December 10, 2014 (Doc. 29), is granted.   Cowan may file her First Amended Complaint for Declaratory Judgment and Damages, filed December 10, 2014 (Doc. 30-1), and, if she does, it will replace the now-

---

[15]McDaniel argues, without citation, that the fraudulent-joinder standard -- a higher standard than the rule 12(b)(6) standard -- applies.  <u>See</u> Reply at 1-2.  The Court disagrees; the fraudulent-joinder standard would apply to Cowan's claim against McDaniel if the FAC had been the operative complaint at the point of removal, but, because Cowan added the claim in federal court, it is subject to the normal rule 15(a)(2) futility standard, which is the rule 12(b)(6) standard.

operative Complaint for Declaratory Judgment and Damages, filed in state court November 8,

2013, filed in federal court May 28, 2014 (Doc. 1-1).

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Bruce E. Thompson
Martinez, Hart & Thompson, P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff Terry McDaniel*

Richard J. Valle
Criostoir O'Cleireachain
Andrea D. Harris
Carter & Valle Law Firm
Albuquerque, New Mexico

   *Attorneys for Plaintiff Vanessa Cowan*

Colbert N. Coldwell
Guevara, Bauman, Coldwell & Reedman, LLP
El Paso, Texas

   *Attorneys for Defendant Francisco Javier Mendez Loya*

Armando Gaytan Saucedo
Anthony, New Mexico

   *Defendant pro se*

Seth Sparks
Krystle A. Thomas
Shannon Sharrell
Rodey, Dickson, Sloan, Akin & Robb, PA
Albuquerque, New Mexico

   *Attorneys for Defendant Red Rock Risk Retention Group, Inc.*